**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| A.A.B., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-346-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## ORDER AND RECOMMENDATION

The Court received Petitioner's *pro se* application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) on November 3, 2025.  Pending before the Court is Respondents' motion to dismiss (ECF No. 14) Petitioner's habeas application, which was filed on April 3, 2026.  In support of their motion to dismiss, Respondents filed a copy of Petitioner's order of supervision showing he was ordered released from Respondents' custody on March 8, 2026.  Mot. to Dismiss Ex. G, at 1, ECF No. 14-2.  Because Petitioner has been released from their custody, Respondents now contend that Petitioner's pending habeas application is moot and should be dismissed as such.  Mot. to Dismiss 2-3, ECF No. 14.  The Court agrees and recommends dismissal of this case as moot.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'"  *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2).  "The doctrine of mootness

derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner's release from custody under an OSUP renders his habeas petition moot. He does not challenge the conditions of his supervision, and in fact, his petition specifically requests that he be released "under reasonable conditions of supervision." Pet. 8, ECF No. 1*; see Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022) (noting that the petitioner's prayer for relief was satisfied where he was released from custody under an order of supervision and did not challenge his conditions of release).[1] Accordingly, since there is no longer a live controversy such that this Court could afford Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.[2]

---

[1] The Court notified Petitioner of his right to respond to Respondents' motion on April 3, 2026. Order 1-2, ECF No. 15. His mail has been returned as undeliverable (ECF Nos. 16, 17), and he failed to respond to challenge Respondents' motion or the conditions of his supervised release.

[2] Petitioner also filed a motion for appointment of counsel (ECF No. 9). Because the Court is recommending that his petition be dismissed as moot, that motion is **DENIED**.

Consequently, the Court **RECOMMENDS** that Respondents' motion to dismiss (ECF No. 14) be **GRANTED** and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED** and **RECOMMENDED**, this 18th day of May, 2026.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE